UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-132 (DWF/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kenrick Trevell Young, | |
| Defendant. | |

This matter is before the Court on Defendant Kenrick Trevell Young's Motion to Dismiss Indictment. (Dkt. 25.) This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

The Court held a hearing on the Motions on November 2, 2023. (Dkt. 44.) Emily Polachek, Assistant U.S. Attorney, appeared on behalf of the United States of America ("the Government"). Daniel Repka appeared on behalf of Defendant Kenrick Trevell Young ("Defendant" or "Young"), who was present at the hearing. For the reasons stated below, the Court recommends denial of the Motion.

I.   BACKGROUND

Young is charged by Indictment with a count of Felon in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Dkt. 1.) The Indictment alleges that Young knowingly possessed a firearm on or about October 10, 2022, and has at least two

felony convictions involving terroristic threats and a second-degree assault with a dangerous weapon.  (Dkt. 1.)

Young seeks dismissal of the Indictment on the basis that the charging statute, 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), is unconstitutional as applied to him in violation of the Second Amendment.

## II.   ANALYSIS

Young argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him in violation of the Second Amendment in light of the United States Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  (Dkts. 25 & 38.)  The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed."  U.S. Const. amend. II.  The *Bruen* Court adopted the following test for determining whether a government regulation of firearms is permissible:

> [W]e hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

142 S. Ct. at 2126 (footnote omitted) (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)).

Young argues that merely having a felony record, however, was never among the reasonable, well-defined bases permitting the disarming of persons in this country's

2

historical tradition of regulating firearms. (Dkt. 25 at 4-5.) The Eighth Circuit in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), addressed similar arguments post-*Bruen*, finding that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms," and concluding that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons." *Id.* at 505. For this reason, the Eighth Circuit affirmed the denial of a motion to dismiss an indictment based on the argument that § 922(g)(1) was unconstitutional as applied to the defendant "because his drug offenses were 'non-violent' and do not show that he is more dangerous than the typical law-abiding citizen." *Id.* at 501-05. Shortly thereafter, the Eighth Circuit rejected a defendant's as-applied challenge asserting entitlement to possess a firearm under the Second Amendment notwithstanding his past felony convictions because neither of his felonies qualified as "violent" finding it "foreclosed" by *Jackson*. *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023).

The Court acknowledges, as argued by Young, that courts outside of the Eighth Circuit have narrowed the reach of § 922(g) to exclude non-violent felons or otherwise found § 922(g)(1) unconstitutional as-applied.[1] *See, e.g., Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (en banc) (finding § 922(g)(1) unconstitutional as applied to non-violent felons); *United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309 at *31 (S.D. Miss. June 28, 2023) (finding § 922(g)(1) unconstitutional as-

---

[1] The Court notes that Young is not arguing that his previous convictions were non-violent in nature.

applied to defendants convicted of violent felonies). However, this "District Court . . . is bound . . . to apply the precedent of this Circuit." *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (citation omitted). Both *Jackson* and *Cunningham* were decided post-*Bruen* and are dispositive of Young's challenge to the constitutionality of § 922(g)(1). Indeed, since Young's written submissions, the Eighth Circuit has denied a petition for *en banc* rehearing and for panel rehearing of *Jackson*. *See United States v. Jackson*, No. 22-2870, 2023 WL 5605618, at *1 (8th Cir. Aug. 30, 2023). For these reasons, based on current Eighth Circuit precedent, the Court recommends denial of Young's Second Amendment-based Motion to Dismiss.

## III.     RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:** Defendant Kenrick Trevell Young's Motion to Dismiss Indictment (Dkt. 25) be **DENIED**.


DATED: December 4, 2023                    *s/Elizabeth Cowan Wright*
                                           ELIZABETH COWAN WRIGHT
                                           United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).